# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> CHURCHILL LANE ASSOCIATES, LLC, <br><br> Defendant. | 8:14CV249 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Statement of Objections, ECF No. 129, filed by Plaintiff ACI Worldwide Corp. (ACI). For the reasons stated below, the Statement of Objections will be overruled.

## BACKGROUND

In 2001, ACI entered into a Licensing Agreement with Nestor, Inc. (Nestor), through which ACI was permitted to use and sub-license portions of various software technology ("Licensed Software Technology") developed and owned by Nestor. Under the Licensing Agreement, any new technology ACI developed using Nestor's software would be owned by Nestor. For use of the software, ACI agreed to pay Nestor ongoing, periodic royalties.

In 2002, Nestor and ACI executed Amendment 2 to the Licensing Agreement, through which Nestor assigned its right to the royalties from the Licensing Agreement to Defendant Churchill Lane Associates, LLC ("Churchill"). Nestor and Churchill also entered into agreements through which Nestor irrevocably assigned its right to future royalties under the Licensing Agreement to Churchill and promised not to modify the Licensing Agreement without Churchill's consent.

In 2009, Nestor became insolvent and entered receivership. The appointed receiver sold all of Nestor's rights in the Licensing Agreement and the Licensed Software Technology to American Traffic Solutions ("ATS"). In July of 2014, ACI purchased these rights from ATS. After this purchase, ACI notified Churchill that, because ACI believed it now owned all rights in the Licensing Agreement, ACI was unilaterally terminating the Licensing Agreement and no longer owed royalties to Churchill. ACI sent a check to Churchill for the remaining balance due under the Licensing Agreement. Churchill communicated to ACI that Churchill believed the Licensing Agreement remained in effect and that ACI continued to owe ongoing royalties to Churchill.

On August 24, 2014, ACI filed this action, seeing a declaratory judgment that (1) ATS's assignment to ACI was valid and enforceable; (2) ACI was the owner of the Licensed Software Technology free and clear of any claim or right of Churchill; (3) ACI was the proper assignee of, and successor licensor under, the Licensing Agreement, free and clear of any claim or right of Churchill; (4) ACI validly terminated the Licensing Agreement effective July 21, 2014; (5) ACI tendered timely, final, and full payments of all amounts due to Churchill under the Licensing Agreement and no new amounts could become due; and (6) Churchill, as a non-party to the Licensing Agreement, did not have standing to challenge the assignment of the Licensed Software Technology or the assignment and termination of the Licensing Agreement.

Churchill pled several affirmative defenses and counter-claims, and asked the Court to find that (1) the Licensing Agreement was not terminated and that ACI remained obligated to pay royalties to Churchill; (2) Churchill was due an accounting of

2

the royalties outstanding per the terms of the Licensing Agreement; (3) ACI had to pay all royalties due under the Licensing Agreement; (4) Churchill was entitled to royalty payments on any fees paid to ACI or its affiliates for licensing or maintenance of the Licensed Software Technology or any part of the new technology; and (5) even if the Licensing Agreement was terminated, Churchill is still owed royalties on any sublicenses which were granted with respect to ACI and any third parties prior to the termination of the Licensing Agreement.

On November 13, 2015, while cross-motions for summary judgment were pending, ACI filed a motion to amend its complaint, ECF No. 81, seeking amendments that included adding a claim of unjust enrichment, an affirmative defense of unclean hands, and an affirmative defense based on the Rule against Perpetuities.

While the cross-motions for summary judgment and the motion to amend were pending, ACI filed a letter stating:

> We respectfully submit that the Court need only decide the parties' competing summary judgment motions, a decision that likely will obviate the need to decide the discovery motions. Put simply, there is a straightforward basis for the Court to grant [ACI] judgment, now, on the existing summary judgment record. Undisputed facts applied to a clear written agreement demonstrate that [ACI] is entitled to summary judgment. . . . [I]f [ACI] is right that the entry of summary judgment now is appropriate, then the Court need not decide all of those other motions, discovery will be concluded, and trial preparation ended.

Filing No. 102, Page ID 1579–80.

In response to this letter, the Court entered an order on December 30, 2015, stating that "the Court will not address [ACI's] Motion to Amend Complaint, [ECF No. 81], at this time." ECF No. 107. On March 9, 2016, the Court granted ACI's Motion for Summary Judgment as to claims (1) to (5) and dismissed all of Churchill's counter-

3

claims. ECF No. 109. Churchill appealed, and on January 27, 2017, the Eighth Circuit Court of Appeals issued an opinion affirming in part and reversing in part the Court's summary judgment order. The Eighth Circuit held that ACI validly terminated the Licensing Agreement on July 21, 2014, and that ACI did not owe Churchill royalties on any sublicenses that ACI had granted since termination or that it will grant in the future. The Eighth Circuit also found that Churchill assumed the protections of an assignee in 2002 and that those protections were not eliminated by the 2007 amendment or the 2009 receivership sale of Nestor's assets to ATS. Thus, ACI owed Churchill royalties for all sublicenses granted prior to the Licensing Agreement's termination. The Eighth Circuit remanded the case to this Court for further proceedings.

After the entry of the mandate, the Court allowed supplemental briefing on ACI's motion to amend. On August 4, 2017, Magistrate Judge Michael Nelson entered an order, ECF No. 126, denying the motion. ACI filed the current objection, ECF No. 129, on August 18, 2017.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"

*Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

**ANALYSIS**

In his order, Judge Nelson held that, because ACI filed the motion to amend outside the court-imposed scheduling deadline, ACI needed to demonstrate good cause under Federal Rule of Civil Procedure 16(b). *See* Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b) advisory committee's note to 1983 Amendment; *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Judge Nelson found that "[t]he factual basis for ACI's proposed amendments ha[d] long been available to ACI," ECF No. 126, Page ID 1813, and that "[o]ther than obtaining additional counsel, ACI offer[ed] no evidence or explanation why these allegations could not have been raised before the Court's deadline passed." *Id.*, Page ID 1814. Thus, Judge Nelson held that ACI had not shown good cause, and he denied the motion. *Id.*

In its objection, ACI essentially argues that Judge Nelson should have granted leave to amend because ACI's delay was not due to oversight or bad faith; this is its first request to amend; the amendment does not add new parties or unknown facts; and the amendment would not cause undue delay. Supp. Brief, ECF No. 130, Page ID 1830.

Indeed, "[a] district court may deny leave to amend [under Rule 15] 'if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-

moving party, or futility of the amendment.'" *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)); *see also James ex rel. U.S. v. Midlands Choice, Inc.*, No. 8:13CV69, 2014 WL 3347871, at *2 (D. Neb. July 8, 2014) (citing *Reuter*, 711 at 922). Beyond satisfying Rule 15, however, ACI needed to show good cause under Rule 16(b), *i.e.*, why "despite its diligence, 'the belated amendment could not reasonably have been offered sooner.'" *Morrison Enterprises, LLC v. Dravo Corp.*, No. 4:08CV3142, 2010 WL 76038, at *5 (D. Neb. Jan. 4, 2010) (quoting *Transamerica Life Insurance Co. v. Lincoln National Life Insurance Co.*, 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008)), *aff'd*, 638 F.3d 594 (8th Cir. 2011)). Judge Nelson found that ACI had not shown good cause, and ACI has not demonstrated how Judge Nelson's conclusion was clearly erroneous or contrary to law. ACI's objection will be overruled.[1] Accordingly,

IT IS ORDERED: The Statement of Objections to Magistrate Judge's Order, ECF No. 129, filed by Plaintiff ACI Worldwide Corp., is overruled.

Dated this 15th day of September, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] On August 30, 2017, counsel for ACI emailed the Court and counsel for Churchill requesting an informal meeting between the parties and the Court to discuss "the remaining disputes and discern the most practical and efficient way to resolve those disputes and bring this case to conclusion." Counsel for Churchill responded to the email on September 1, 2017. Having now ruled on ACI's objection, the Court finds that the meeting is unnecessary in light of Judge Nelson's Order, ECF No. 131.