# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> CHURCHILL LANE ASSOCIATES, LLC, <br><br> Defendant. | 8:14CV249 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Statement of Objections, ECF No. 195, filed by Defendant Churchill Associates, LLC. Churchill objects to Magistrate Judge Michael D. Nelson's Order, ECF No. 190. For the reasons stated below, the Statement of Objections will be overruled.

## BACKGROUND

On March 30, 2018, Judge Nelson issued an order, ECF No. 190, addressing Churchill's motion to compel discovery, ECF No. 135. In its motion, Churchill sought to compel responses to its Interrogatories Nos. 14 & 15, and its Requests for Production Nos. 82, 83, 84, 85, 86, 89, 90, 94, & 95. Before issuance of the order, the parties held a telephone status conference with Judge Nelson, and discussed their efforts to resolve certain discovery issues pertaining to Churchill's motion. Based on the representations of the parties in the telephone conference, Judge Nelson concluded that the bulk of the disputes "appear capable of resolution between the parties during ACI's supplemental production." ECF No. 190, Page ID 2552.

Consequently, Judge Nelson ordered ACI to produce certain "master agreements" responsive to Request for Production No. 82 and to complete a

"supplemental rolling production of documents" as discussed in the telephone conference. *Id.*, Page ID 2552–53. To encourage the parties to resolve the remainder of the disputes without court intervention, Judge Nelson denied the motion to compel without prejudice to reassertion by Churchill following ACI's supplemental production. *Id.*

Churchill objected to the entirety of Judge Nelson's Order, with the exception of his conclusion as to Request for Production No. 85.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 397 (1948)). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

## DISCUSSION

Regarding Interrogatories Nos. 14 and 15, and Requests for Production Nos. 86, 89, 90, 94, and 95, Churchill has failed to show that Judge Nelson's approach, *i.e.*, denying Churchill's motion to compel without prejudice to reassertion while the parties

attempted to resolve the dispute, was clearly erroneous or contrary to law.  The concerns Churchill now raises in its Statement of Objections would best be asserted in a new motion to Judge Nelson.

As to Request for Production No. 82, Churchill argues Judge Nelson's Order was clearly erroneous because it required ACI to produce the "master agreements with attachments responsive to Request for Production No. 82," while also denying Churchill's motion to compel without prejudice to reassertion.  Churchill argues that the Order created an ambiguity and caused confusion between the parties.  Judge Nelson, relying on the representations of the parties in the telephone conference, found that ordering production of the master agreements could be sufficient to allow the parties to resolve the remaining discovery issues by themselves.  Churchill was afforded an opportunity to reassert its motion to compel if necessary.  Judge Nelson's approach may have been overly optimistic, but was not clear error.[1]

In its Request for Production No. 83, Churchill sought copies of "all contract renewals, extensions, amendments, appendices, exhibits, and changes of any kind, including agreements for capacity increases cancellations, or replacement agreements related to all contracts for the license, use and/or maintenance of the New Technology for all ACI's customers that were using the New Technology as of June 30, 2014."  ECF No. 190, Page ID 2549.  Judge Nelson found that although ACI agreed to provide the relevant documents, there was an "ongoing dispute about whether ACI should be required to produce all metadata associated with the documents to be produced."  *Id.*

---

[1] Given the discretion afforded the Court under Rule 37, the Court finds Churchill's argument raised in footnote 4 of its brief to be without merit.  Supp. Brief n.4, ECF No. 196, Page ID 2576; see Fed. R. Civ. P. 37(a)(5)(B).

Considering the proportionality requirements of Federal Rule of Civil Procedure 26(b)(1), Judge Nelson concluded that Churchill had not "demonstrated a need for all metadata associated with the documents . . . ." *Id.*, Page ID 2549–50. Judge Nelson noted that "if ACI's supplemental production does not include evidence regarding when the mutual terminations were drafted and executed, the Court may be called upon to revisit the issue." *Id.*, Page ID 2550. Churchill argues that all the metadata it seeks is relevant, and Judge Nelson's limitation of discovery on the grounds of proportionality was clearly erroneous. Yet, the Order expressly stated that Judge Nelson would revisit the issue if ACI failed to supply the necessary evidence. ECF No. 190, Page ID 2550. If Churchill believes additional metadata is needed from ACI to establish certain dates with certainty, Churchill is free to move accordingly before Judge Nelson.

Churchill's Request for Production No. 84 asked for "[a]ll documents and emails relating to all communications related to all contract term renewals, extensions, and/or replacement agreements that ACI has entered into with ACI's customers relating to the license, use and/or maintenance of the New Technology since June 30, 2014." ECF No. 190, Page ID 2550 (quoting ECF No. 138-5, Page ID 1934). In his order, Judge Nelson concluded that a "phased approach best addresses the proportionality [of Rule 26]" and that the parties could "revisit this issue after ACI produces the written agreements, and may request further assistance from the Court after ACI supplements its production." *Id.*, Page ID 2550–51. Churchill argues that the Order is contrary to law because it denied Churchill's motion on the grounds that it may be unduly burdensome to ACI without requiring ACI to introduce evidence of its burden. Judge Nelson's phased discovery approach was designed to spare ACI from needlessly searching

4

voluminous records—an obvious burden based on Churchill's request—while still preserving Churchill's ability to obtain needed information as its relevance becomes clearer through the discovery process. Judge Nelson's approach was not clearly erroneous nor contrary to law. *See Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001) (citing *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980) (requiring supporting evidence of undue burden unless such a burden is "obvious from the wording of the request").

## CONCLUSION

For the reasons state above, Churchill has not shown that Judge Nelson's Order was clearly erroneous or contrary to law, and the Court will overrule Churchill's Statement of Objections.

IT IS ORDERED: The Statement of Objections, ECF No. 195, to Magistrate Judge Michael D. Nelson's Order, filed by Defendant Churchill Associates, LLC, is overruled.

Dated this 19th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge