# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> CHURCHILL LANE ASSOCIATES, LLC, <br><br> Defendant. | 8:14CV249 <br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on the Objection to Magistrate Judge Order, ECF No. 260, filed by Defendant Churchill Lane Associates, LLC. For the reasons stated below, the Objection will be overruled.

## BACKGROUND

Magistrate Judge Michael Nelson denied Churchill's Motion for an Order to Show Cause, ECF No. 212, why ACI Worldwide Corp. should not be sanctioned under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure for failing to comply with two discovery Orders, ECF Nos. 190 & 208.

On March 23, 2018, Judge Nelson ordered ACI to supplement certain areas of its production of evidence and to confer with Churchill on other outstanding discovery issues. ECF No. 190. On August 20, 2018, Judge Nelson ordered ACI to produce several specific documents by September 10, 2018. ECF No. 208. After ACI produced the additional documents and information, Churchill identified deficiencies in ACI's original production and now claims that ACI intentionally withheld certain information to reduce its post-termination royalty liability. Churchill also claims ACI violated Judge Nelson's Orders by

not sufficiently supplementing its production. Accordingly, Churchill filed the Motion for an Order to Show Cause why the Court should not sanction ACI by:

> 1. finding that all sublicenses between ACI and its affiliates and 139 customers . . . were in effect immediately before ACI terminated the License Agreement on July 21, 2014 and are still in effect; and
>
> 2. awarding Churchill post-termination royalties of 15% of fraud detection related income disclosed by ACI in its public disclosures, which, through 2018, amounts to post-termination royalties in the amount of $48,307,450.00.

ECF No. 212.

Judge Nelson found ACI committed no willful violation of the Court's discovery orders and that Churchill's requested relief was neither reasonable nor justified. Order, ECF No. 259. As such, he denied Churchill's Motion, and Churchill objected under Rule 72(a).

## STANDARD OF REVIEW

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 397 (1948)). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

**DISCUSSION**

District courts are given deference and "great latitude" in exercising their discretion to impose sanctions for discovery violations under Rule 37 or their inherent powers. *Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 815 (8th Cir. 2003) (citing *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694 (8th Cir. 2001)); *see also Holmes v. Trinity Health*, 729 F.3d 817, 820 (8th Cir. 2013) (giving "substantial deference" to the district court's denial of discovery sanctions); *see generally Sentis Grp. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (emphasizing "that the better practice is to apply Rule 37 where appropriate and not allow an exercise of inherent power to obscure the Rule 37 analysis"). Generally, courts reserve the most severe sanctions for willful violations. *Burgett v. Gen. Store No Two, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (dismissal); *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832 (8th Cir. 2013) (striking pleadings).

Churchill's requested sanctions are among the most severe. Churchill asks the Court to make findings against ACI that would prevent it from challenging the merits of Churchill's breach-of-contract claim and the amount of damages. Thus, it was not contrary to law for Judge Nelson to consider whether ACI willfully violated the Court's discovery orders, and Churchill has not demonstrated that his finding of no willful violation was clearly erroneous. *See Hughes*, 735 F.3d at 832 (considering willfulness where the proposed sanction "may ineluctably lead to judgment for the other side").

Further, Judge Nelson committed no clear error in finding that Churchill's requested sanctions would be unjust. *See Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (stating Rule 37(b)(2) sanctions must be "just"). Churchill argues that the Court should make pretrial findings that amount to a judgment in its favor

3

based on ACI's failure to identify a relatively small number of customers. After reviewing the record and Churchill's arguments, the undersigned is not left with the "definite and firm conviction" that such sanctions were mistakenly denied. *Chase*, 926 F.2d at 740. Therefore, Churchill's objection to the denial of its requested sanctions will be overruled.

Throughout its briefing, Churchill suggested several other forms of relief, as alternatives to the sanctions proposed in its initial Motion, ECF No. 212, many of which were presented to the Court for the first time on objection to Judge Nelson's Order, ECF No. 259. On the date of this Memorandum and Order, Churchill also filed a Motion for Leave to Supplement the Record, ECF No. 277. However, this matter is before the undersigned on a Rule 72(a) objection, and the undersigned will not consider relief that was not presented in Churchill's initial Motion. Nor can the undersigned conclude, based on facts and evidence not presented to Magistrate Judge Nelson, that he issued an order that was clearly erroneous or contrary to law. Accordingly,

IT IS ORDERED:

1. The Objection to Magistrate Judge Order, ECF No. 260, is overruled; and
2. The Motion for Leave to Supplement the Record, ECF No. 277, is denied.

Dated this 3rd day of April 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge